UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CHRISTOPHER R. NEARY,<br>    Plaintiff, | :<br>: |
| | : CIVIL ACTION NO. |
| v. | : |
| | : 3:14-cv-01631-VLB |
| SYED JOHAR NAQVI, JOHNNY WU, | : |
| and ERINN DOLAN, | : August 28, 2015 |
|     Defendants. | : |

## MEMORANDUM OF DECISION DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

In this civil rights action brought against two prison doctors for violations of the Eighth Amendment, Plaintiff moves for a preliminary injunction seeking to surgically remove a growth in his chest. Where, as here, the movant seeks to alter the status quo, he must establish a clear or substantial likelihood of success on the merits. Plaintiff has not done so. His personal disagreement with the medical treatment that he received, which was medically appropriate according to expert medical testimony, is insufficient to support a finding of deliberate indifference. Accordingly, the motion is DENIED.

## FACTS AND PROCEDURAL HISTORY

Plaintiff Christopher R. Neary, proceeding pro se and incarcerated at the Osborne Correctional Institution, moves for a preliminary injunction.[1] In his 42

---

[1] Plaintiff also requests a temporary restraining order ("TRO"). "The principal difference between a TRO and a preliminary injunction is that the former may be issued 'before the adverse party can be heard in opposition.'" *Tribul Merch. Servs., LLC v. ComVest Grp.*, 2012 WL 5879523, at *18 (E.D.N.Y. Nov. 21, 2012). Because Defendants had notice, the Court treats this additional request as a single motion for a preliminary injunction. *See* 13 Moore's Federal Practice § 65.31 (2013) ("However, when a temporary restraining order is sought on notice

1

U.S.C. § 1983 complaint, Neary alleges that Defendants Doctors Syed Johar Naqvi and Johnny Wu acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment.[2]  Specifically, Plaintiff alleges that Defendants failed to alleviate his acute pain caused by moderate to severe bilateral gynecomastia by surgically removing the growth.

At an August 27, 2015 hearing on his motion for a preliminary injunction, Plaintiff chronicled the medical treatment that he received from Defendants. According to Plaintiff, he received conservative treatment in the form of pain and anti-inflammatory medication of increasing strength and frequency, but the treatment failed to alleviate his pain.  He was prescribed ibuprofen, Tylenol, Tylenol with the narcotic codeine, Tylenol with codeine and the anti-inflammatory both twice daily, and is currently prescribed a Fentanyl patch.[3]  Plaintiff at times did not receive any pain medication but stated that the medication did "nothing at all" to alleviate his pain. He repeatedly requested treatment for his condition throughout this period and requested that the growths be surgically removed because the medication had absolutely no effect.  Plaintiff contends that the pain he continues to suffer from is more severe than the pain he experienced after a car accident, during which he was thrown out of the car, broke his arm in four

---

to the adverse party, it may be treated by the court as a motion for a preliminary injunction."). In any event, the same standard applies.  *See Andino v. Fischer*, 555 F.Supp.2d 418, 419 (S.D.N.Y. 2008) ("It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction."). Thus, the reasons for denying a preliminary injunction would also apply to denying a TRO.

[2] Plaintiff also brought claims against Erinn Dolan, but those claims were dismissed pursuant to 18 U.S.C. 1915A.  *See* Dkt. No. 9.

[3] Dr. Wu testified that fentanyl is a potent synthetic opioid analgesic more potent than morphine and given to terminal cancer patients.

places, was trapped under a truck, broke his back, and left him with a 25% permanent disability.

On behalf of Defendants, Dr. Wu testified that it was his professional opinion that Plaintiff should be treated conservatively with a course of pain management, leaving surgical removal as a last resort.  The Court notes that Plaintiff has a history of drug addiction but has been abstinent for nine years and is currently participating in an intensive drug treatment program to help him maintain his sobriety after his anticipated release in 2017.

## Legal Analysis

Generally, "a party seeking a preliminary injunction must show (a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Cacchillo v. Insmed, Inc.,* 638 F.3d 401, 405–06 (2d Cir. 2011) (internal quotation marks omitted).  However, where, as here, a plaintiff seeks a mandatory injunction, i.e., "one that alters the status quo by commanding some positive act," a higher standard applies.  *Id.* at 406 (quotation marks omitted).  In those cases, the party seeking the injunction must demonstrate, *inter alia*, "a clear or substantial likelihood of success on the merits."  *New York Civil Liberties Union v. New York City Transit Auth.*, 684 F.3d 286, 294 (2d Cir. 2011) (internal quotation marks omitted).

Here, Plaintiff has failed to meet his burden of establishing a clear or substantial likelihood of success on the merits on his underlying Eighth

Amendment claim. He admits that Defendants are currently treating his gynecomastia fairly consistently by an escalating regime of pain management medications. Dr. Wu testified that this treatment is medically appropriate and that it would be the same course of treatment for someone who is not incarcerated. While the Court appreciates the fact that the plaintiff strongly disagrees with the professional opinion of Dr. Wu, Plaintiff's unsubstantiated disagreement is not sufficient to support a finding of deliberate indifference. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." (citing *Dean v. Coughlin,* 804 F.2d 207, 215 (2d Cir. 1986)); *Hodge v. Wladyslaw,* 2012 WL 701150, at *2 (S.D.N.Y. Mar. 6, 2012); *Sonds v. St. Barnabas Hosp. Corr. Health Serv.,* 151 F.Supp.2d 303, 311–12 (2001) ("Federal courts are generally hesitant to second guess medical judgments and to constitutionalize claims which sound in state tort law." (citing, *inter alia*, *Dean*, 804 F.2d at 215 ("The Constitution does not command that inmates be given medical attention that judges would wish to have or themselves."))); *Wheeler–Whichard v. Canfield,* No. 10–CV–358, 2011 WL 1225564, at *2 (W.D.N.Y. Mar. 24, 2011). Because the evidence produced thus far is tantamount to a prisoner's disagreement with a medical doctor about the proper course of treatment, Plaintiff has not sustained his burden of showing that there is a clear or substantial likelihood that he will succeed on the merits. Accordingly, the motion for preliminary injunction is DENIED.

The Court expresses no opinion about the merits of Plaintiff's claims or whether they would be sufficient under the lower preliminary judgment standard generally applicable, particularly in view of the contraindication of treating a recovering addict, who is highly susceptible to relapse with narcotics.

### Conclusion

For the foregoing reasons, Plaintiff's motion for a preliminary injunction is DENIED.

IT IS SO ORDERED.

                                             /s/
                                      **Vanessa L. Bryant**
                                      **United States District Judge**

Dated at Hartford, Connecticut, August 28, 2015.